UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-20745

MICHAEL GARCIA HERNANDEZ,

    Plaintiff,

vs.

ATLAS PILES, LLC.,
HAMMER TIME BUILDERS INC.,
REINALDO AQUIT, AND
ALBERTO CARBAJAL,

    Defendants.
_____/

## **COMPLAINT FOR FLSA OVERTIME WAGE VIOLATION(S)**

Plaintiff, Miguel Garcia Hernandez, sues Defendants, Atlas Piles, LLC, Hammer Time Builders Inc., Reinaldo Aquit, and Alberto Carbajal, as follows:

### *Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Miguel Garcia Hernandez**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2.     **Defendant, Atlas Piles, LLC,** is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

3.     **Defendant, Hammer Time Builders Inc.,** is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

4.     **Defendant, Reinaldo Aquit,** was at all times material an

1

owner/officer/director/manager of Defendant, Atlas Piles, Inc., for the time period relevant to this lawsuit. He ran its day-to-day operations, was responsible for all operational decisions, was partially or totally responsible for paying Plaintiff's wages and the issuance of information returns.

5. **Defendant, Alberto Carbajal,** was at all times material an owner/officer/director/manager of Defendant, Hammer Time Builders Inc., for the time period relevant to this lawsuit. He ran its day-to-day operations, was responsible for all operational decisions, was partially or totally responsible for paying Plaintiff's wages.

6. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, *et seq.*, and pendent/supplemental jurisdiction over Plaintiff's related Florida state law claim.

7. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants, maintained their principal places of business in this District, because Plaintiff worked and was due to be paid in Miami-Dade County, and because most if not all of the operational decisions were made in this District.

8. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

9. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

### *Background Facts*

10. Defendants collectively operated as Plaintiff's "employer(s)" for purposes of the FLSA, as that term "employer" is defined by 29 U.S.C. §203 (d).

11. Defendants cooperated/coordinated to manage Plaintiff and his work, to pay Plaintiff for his work, and they collectively manage their workforce, including the hiring and firing

of workers, setting work schedules for their workers, providing the tools, materials, and supplies for their workers, and providing work assignments for their workers.

12. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

13. Defendants were at all times material engaged in interstate commerce in the course of their installation of foundation piles using bobcats, heavy equipment, machinery, hand tools, parts, fluids, adhesives, lubricants, goods, materials, supplies, and equipment that have all moved through interstate commerce.

14. Defendants also, as part of their services, sell steel and metal piles, goods, materials, and supplies that previously traveled in interstate commerce.

15. Defendants also engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state payors.

16. Furthermore, Defendants obtain, solicit, exchange, and send funds to and from outside of the State of Florida, regularly and recurrently use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in the course of their business.

17. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 per year and/or in excess of $125,000 for each fiscal quarter during the preceding three years.

18. Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

19. Plaintiff was a non-exempt employee of Defendants.

20. Plaintiff consents to participate in this lawsuit.

21. During this time, Plaintiff regularly and routinely utilized telephones, cellular telephones, hand tools, lubricants, mechanical parts, and other goods and supplies that moved through interstate commerce.

22. Plaintiff worked for Defendants from about March 2018 to about January 10, 2019.

23. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are believed to be in the exclusive custody of Defendants.

24. Defendants paid Plaintiff various rates during his employment.

25. Plaintiff would regularly and routinely work more than 40 hours in a workweek for Defendants.

### *Liability*

26. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half times of Plaintiff's regular hourly rate(s) of pay for all the hours worked beyond 40 hours in each workweek.

27. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times of Plaintiff's regular rate of pay for each of the overtime hours worked during the relevant time period.

28. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours he worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay an overtime rate, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the overtime pay earned.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

29. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours worked, plus an equal amount as a liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Miguel Garcia Hernandez, demands the entry of a judgment in her favor and against Defendants, LLC, Hammer Time Builders Inc., Reinaldo Aquit, and Alberto Carbajal, jointly and severally after trial by jury, and as follows:

    a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

    b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

    c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    d. That Plaintiff recover all interest allowed by law;

    e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

    f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

    g. Such other and further relief as the Court deems just and proper.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

## **DEMAND FOR JURY TRIAL**

Plaintiff, Miguel Garcia Hernandez, demands a trial by jury of all issues so triable.

Respectfully submitted this 11th day of March 2022,

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiff*
